1  Gordon Lewis, Bar #015162
   Stephanie D. Baldwin, Bar #036897
2  JONES, SKELTON & HOCHULI P.L.C.
   40 N. Central Avenue, Suite 2700
3  Phoenix, Arizona 85004
   Telephone:  (602) 263-4479
4  Fax:  (602) 200-7897
   glewis@jshfirm.com
5  sbaldwin@jshfirm.com

6  Attorneys for Defendants

7                    **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF ARIZONA**

9

10  Khanh Nguyen,                          No. 2:23-cv-00422-SMB

                            Plaintiff,     **Answer to Amended Complaint**
11

         v.
12

    Apollo Healthcare & Diagnostics, LLC,
13  Embry Health of Arizona, LLC; Raymond
    Embry and Zachary Travis, husband and
14  husband, and JoEllen Embry,

15                          Defendants.

16

17          Defendants Apollo Healthcare & Diagnostics, LLC; Embry Health of

18  Arizona, LLC; Raymond Embry and Zachary Travis, and JoEllen Embry (collectively,

19  "Defendants"), by and through undersigned counsel, for their Answer to Plaintiff's First

20  Amended Complaint (hereinafter, "Complaint"), admit, deny, and allege as follows:

21          1.      Defendants deny each and every allegation not specifically admitted

22  in this Answer.

23
                        **PARTIES JURISDICTION AND VENUE**
24

25          2.      Answering Paragraph 1 of Plaintiff's Complaint, Defendants admit

26  only that Plaintiff Khanh Nguyen ("Plaintiff") worked for Apollo Healthcare &

    Diagnostics, LLC in Maricopa County, Arizona. Defendants deny that Plaintiff worked for
27
    Embry Health of Arizona, L.L.C. Defendants are without knowledge or information
28
    sufficient to form a belief about the truth of the remaining allegations contained in

11899233.1

Paragraph 1 of Plaintiff's Complaint, and therefore deny the same and demand strict proof thereof.

3.      Defendants admit the allegations contained in Paragraphs 2 and 3 of Plaintiff's Complaint.

4.      Paragraph 4 of Plaintiff's Complaint is a statement related to Plaintiff's reason for amending the Complaint, and requires no answer from Defendants. Defendants, however, admit that Plaintiff was employed by Apollo Healthcare and Diagnostics and admit that Plaintiff was not employed by Embry Health of Arizona.

5.      Answering Paragraph 5 of Plaintiff's Complaint, Defendants admit only that Plaintiff worked for Apollo Healthcare & Diagnostics, LLC in Maricopa County, Arizona. Defendants deny that Plaintiff worked for Embry Healthcare of Arizona.

6.      Answering Paragraph 6 of Plaintiff's Complaint, Defendants admit only that Defendant Raymond Embry ("Embry") is an individual and resident of Maricopa County, Arizona who, at all times relevant, was acting in his official capacity.

7.      Answering Paragraph 7 of Plaintiff's Complaint, Defendants admit only that Defendant Zachary Travis ("Travis") is an individual and resident of Maricopa County, Arizona who, at all times relevant, was acting in his official capacity.

8.      Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Answering Paragraph 9 of Plaintiff's Complaint, Defendants admit only that Defendants Raymond Embry and Zachary Travis are and have been married.

10.      Answering Paragraphs 10 and 11 of Plaintiff's Complaint, Defendants admit that jurisdiction and venue are proper in this Court, and that that Court has personal jurisdiction over Defendants.

## GENERAL ALLEGATIONS

11.      Answering Paragraphs 12 and 13 of Plaintiff's Complaint, Defendants admit only that Apollo Healthcare is a healthcare company that offers, among other services, Covid-19 testing and vaccines.

11899233.1

12.     Answering Paragraph 14 of Plaintiff's Complaint, Defendants assert that Plaintiff began to work for Apollo Diagnostics & Healthcare as its Chief Technology Officer around or about February 7, 2022.

13.     Answering Paragraph 15 of Plaintiff's Complaint, Defendants admit that Plaintiff was terminated March 14, 2022.

14.     Answering Paragraph 16 of Plaintiff's Complaint, Defendants admit only that Plaintiff was paid an annual salary of $350,000.

## EMBRY HEALTH AND/OR APOLLO HEALTHCARE ARE CO-EMPLOYERS AND/OR ALTER EGOS

15.     Defendants deny the allegation Paragraphs 17 through 20 of Plaintiff's Complaint.

16.     Defendants admit the allegation contained in Paragraph 21 of Plaintiff's Complaint.

17.     Defendants deny the allegations contained in Paragraphs 22 through 29 of Plaintiff's Complaint.

## EMBRY HEALTH AND APOLLO HEALTHCARE ARE ALTER EGOS OF EMBRY, TRAVIS, JOELLEN EMBRY, INCLUDING THE MARITAL COMMUNITY OF TRAVIS AND EMBRY

18.     Defendants deny the allegations contained in Paragraphs 30 and 31 of Plaintiff's Complaint.

19.     Defendants admit the allegation contained in Paragraph 32 of Plaintiff's Complaint.

20.     Defendants deny the allegations contained in Paragraphs 33 through 39 of Plaintiff's Complaint.

### NGUYEN'S PROTECTED WHISTLE-BLOWING ACTIVITIES

21.     Defendants deny the allegations contained in Paragraphs 40 through 56 of Plaintiff's Complaint.

3

11899233.1

22.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint, and therefore deny the same and demand strict proof thereof.

23.     Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint, and assert that Defendants did not violate any law.

24.     Defendants deny the allegations contained in Paragraphs 59 and 60 of Plaintiff's Complaint.

25.     Answering Paragraph 61 of Plaintiff's Complaint, Defendants admit only that Plaintiff was involuntarily separated due to company restructuring. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 61 of Plaintiff's Complaint, and therefore deny the same and demand strict proof thereof.

26.     Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

27.     Answering Paragraphs 63 through 65 of Plaintiff's Complaint, Defendants admit only that Plaintiff was involuntarily separated due to company restructuring.

28.     Defendants deny the allegations contained in Paragraphs 66 and 67 of Plaintiff's Complaint.

**COUNT ONE**
**RETALIATION UNDER THE FALSE CLAIMS ACT**
**(Against All Defendants)**

29.     Answering Paragraph 68 of Plaintiff's Complaint, Defendants incorporate their answers to Paragraphs 1 through 67 of Plaintiff's Complaint as though fully set forth herein.

30.     Answering Paragraph 69 of Plaintiff's Complaint, Defendants admit only that The False Claims Act, 31 U.S.C. §§ 3729, et seq. states "Any person who (A) knowing presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or] (B) knowingly makes, uses, or causes to be made or used, a false record or

statement material to a false or fraudulent claim . . . is liable to the United States Government . . . ."

31.     Answering Paragraph 70 of Plaintiff's Complaint, Defendants admit only that The False Claims Act, 31 U.S.C. §§ 3729, et seq. also contains whistleblower provisions that protect employees who make internal or external reports that their employer obtained federal funds under false pretenses. Specifically, it is unlawful for an employer to "discharge[], demote[], suspend[], threaten[], harass[], or in any other manner discriminate[] against [an employee] in the terms and conditions of employment because of lawful acts done by the employee . . . in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." 31 U.S.C. § 3730(h).

32.     Defendants deny the allegations contained in Paragraphs 71 through 81 of Plaintiff's Complaint.

## COUNT TWO
## UNLAWFUL TERMINATION IN VIOLATION OF A.R.S. § 23-1501

### (Against all Defendants)

33.     Answering Paragraph 82 of Plaintiff's Complaint, Defendants incorporate their answers to Paragraphs 1 through 81 of Plaintiff's Complaint as though fully set forth herein.

34.     Answering Paragraph 83 of Plaintiff's Complaint, Defendants admit only that The Arizona Employment Protection Act, A.R.S. §23-1501(A)(3)(c)(ii), provides that it is unlawful to terminate an employee who discloses to management or a governmental agency that he believes the employer has violated or will violate an Arizona statute or the Constitution of Arizona.

35.     Defendants deny the allegations contained in Paragraphs 84 through 89 of Plaintiff's Complaint.

36.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 90 of Plaintiff's Complaint, and therefore deny the same and demand strict proof thereof.

11899233.1

37.     Answering Paragraph 91 of Plaintiff's Complaint, Defendants admit only that Plaintiff was the Chief Technology Officer and Chief Information officer. Defendants deny the remaining allegations contained in Paragraph 91 of Plaintiff's Complaint.

38.     Defendants deny the allegations contained in Paragraphs 92 through 93 of Plaintiff's Complaint.

## JURY TRIAL DEMAND

39.     Defendants demand a jury trial on all claims and issues in this matter that may be triable by jury.

## AFFIRMATIVE DEFENSES

1.     As a first affirmative defense, Defendants assert that Apollo Healthcare & Diagnostics, LLC had a legitimate, nonretaliatory reasons for releasing Plaintiff from his employment.

2.     As a further affirmative defense, and in the alternative, Defendants assert that Plaintiff failed to engage in protected activity.

3.     As a further affirmative defense, and in the alternative, Defendants assert that they were unaware of any protected activity by the Plaintiff.

4.     As a further affirmative defense, and in the alternative, Defendants assert that some or all of Plaintiff's alleged reports of alleged fraud involved matters within the scope of Plaintiff's duties, entitling Defendants to a presumption that they lacked notice that Plaintiff was investigating an FCA violation which Plaintiff cannot overcome. *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 908 (9th Cir. 2017).

5.     As a further affirmative defense, and in the alternative, Defendants assert that individual supervisors cannot be liable in their individual capacities under the FCA. *Brunelle v. PeaceHealth*, 3:22-CV-05499-BHS, 2023 WL 121436, at *3 (W.D. Wash. Jan. 6, 2023);  *United States ex rel. Strubbe v. Crawford Cnty. Mem'l Hosp.*, 915 F.3d 1158, 1167 (8th Cir. 2019)

6

11899233.1

6.      As a further affirmative defense, and in the alternative, Defendants assert that Plaintiff failed to mitigate his damages in relation to this matter.

7.      Defendants reserve their right to assert other Rule 8(c) affirmative defenses as such may become known through discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that Plaintiff's Complaint be dismissed, that Plaintiff take nothing thereby, and that Defendants receive their costs in defending this matter and their attorneys' fees in accordance with 42 U.S.C. § 1988 and A.R.S. § 12-341.01.

DATED this 4th day of August, 2023.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Gordon Lewis
Gordon Lewis
Stephanie D. Baldwin
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants

11899233.1

1

**CERTIFICATE OF SERVICE**

2         I hereby certify that on this 4th day of August, 2023, I caused the foregoing

3   document to be filed electronically with the Clerk of Court through the CM/ECF System

4   for filing; and served on counsel of record via the Court's CM/ECF system.

5   Jeffrey Silence
    Law Office of Jeffrey Silence, P.L.L.C.
6   3241 E. Shea Blvd Ste 1 # 434
    Phoenix, AZ 85028
7   js@silencelaw.com

8   Richard J. Harris
    Richard J. Harris Law Office, P.C.
9   4000 Hickory Fairway Dr.
    Woodstock, GA 30188
10  rjharrislaw@gmail.com

11  Attorneys for Plaintiff

12

13  /s/ Jennifer Bernardo

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

11899233.1