**Silence Law Group, PLLC**
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028
(602) 321-1538

Jeffrey A. Silence (029143)
jeff@silencelaw.com
David A. Nowakowski (035068)
david@silencelaw.com

**RICHARD J. HARRIS LAW OFFICES, P.C.**
4000 Hickory Fairway Dr.
Woodstock, GA 30188
480-708-9111

Richard J. Harris (013859)
rjharrislaw@gmail.com

Attorneys for Plaintiff

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

**UNTIED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Khanh Nguyen,

Plaintiff,

v.

Apollo Healthcare & Diagnostics, LLC; Embry Health of Arizona, LLC; Raymond Embry and Zachary Travis, husband and husband, and JoEllen Embry,

Defendants.

Case No. 2:23-cv-00422-SMB

**PLAINTIFF'S RULE 37 MOTION TO COMPEL AND RULE 55 APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff Khanh Nguyen ("Plaintiff") hereby files this Motion for Leave to File Rule 37 Motion to Compel against Defendants Apollo Healthcare & Diagnostics Embry Health of Arizona, LLC; Raymond Embry, Zachary Travis, and JoEllen Embry ("Defendants").

**I. Relevant Facts**

Plaintiff engaged in protected activity while jointly employed by the defendant entities. Plaintiff reported his reasonable belief that Defendants were engaging in fraudulent and unlawful conduct that violates Arizona and federal laws.

The Case Management Order ("CMO") prohibits written discovery motions without leave of Court. Plaintiff seeks the Court's leave to file a Motion to Compel pursuant to FRCP 37.

On September 18, 2023, this Court issued the CMO, which indicates that if a discovery dispute arises, "the parties promptly shall call the Court to request a telephone conference concerning the dispute." The Court will either resolve the dispute during the telephone conference by entering the appropriate orders or may order the parties to submit briefing.

On January 9, 2024, Plaintiff filed a Notice of Service and served his first set of discovery requests to Defendants. Plaintiff provided Defendants an extension to answer these requests. Defendants provided their answers on March 14, 2019. Several of these answers were deficient. Less than three weeks later, Plaintiff served Defendants a letter outlining the deficiencies of these answers. Defendants never responded. The parties were unable to successfully schedule a meet and confer telephone conference before Defendants filed the motion to withdraw.

On March 5, 2024, Plaintiff s filed a Notice of Service and served his second set of requests for production. Defendants answered these discovery requests 65 days later, well past the deadline to respond to discovery requests. Defendants never sought, or received, any extensions to answer these requests. In the response, Defendants asserted improper boilerplate objections, did not explain whether documents were withheld based on the

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

objections. Most importantly, Defendants failed to produce responsive items and failed to state whether they withheld responsive items.

Before serving the above response, Defense counsel moved to withdraw. In the motion, Defense Counsel asserted that "[c]ounsel has been unable to maintain a level of communication with Defendants that would allow counsel to ethically continue in this representation." This meant counsel was unable to resolve the discovery issues raised by Plaintiff on April 2, 2024, and on May 16, 2024, in response to the first and second set of written discovery.

Before the motion to withdraw was filed, Plaintiff made every effort to resolve the discovery disputes without involving the Court. Plaintiff followed up after sending his deficiency letter several times, but Defense counsel's availability was limited, and Defense counsel's responses were few and far between. The first-time counsel was available for a meet and confer telephone conference was May 1, 2024. However, Defense counsel abruptly requested to reschedule for two days later. On May 3, 2024, Defense counsel again requested to reschedule for the next week. But by the date of the eventual meet and confer, counsel had already filed the motion to withdraw.

On June 5, 2024, the Court ordered Defense counsel to provide the last known addresses of Defendants. About a week later, Defense counsel filed a Notice of Last Known Addresses of Defendants.

Later that month, Plaintiff mailed each Defendant the Second Set of Interrogatories, Second Set of Requests for Admission, and Third Requests for Production of Documents at the addresses Defense counsel provided to the Court. Plaintiff filed a Notice of Service of Discovery on that same day. Plaintiff also emailed Raymond Embry, JoEllen Embry, and Zachary Travis these discovery requests and the Notice of Service of Discovery Requests.

During this time, Plaintiff's counsel attempted to call Zachary Travis and Raymond Embry using the phone numbers provided by Defense counsel, leaving voicemails for each

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

Defendant. Plaintiff used the phone numbers and email addresses listed within Doc 34, the Motion to Withdraw filed by defense counsel. But Defendants never responded. Plaintiff requested "read" receipts on the emails, but never received confirmation from any Defendant. Despite all of this, USPS Tracking confirmed that the mailed discovery requests were delivered to each Defendant except for Raymond Embry and Zachary Travis on or before June 28, 2024. The mailings to Mr. Travis and Mr. Embry were returned to Plaintiff on July 9 and July 17, respectively, as undeliverable. Thus, the addresses provided by defense counsel for Mr. Travis and Mr. Embry were inaccurate.

**II. Good Cause Exists for Plaintiff to File this Rule 37 Motion.**

Considering the unique circumstances outlined above, good cause exists for the Plaintiff to file this Rule 37 Motion.

The disputes at issue are substantial. Defendants did not state as to any answer to approximately 11 requests for production whether documents were withheld based on the objections. Likewise, Defendants asserted the same objection, "unduly burdensome and not proportionate," to nearly every request for production. The documents requested—relating to claims for reimbursement from the US Government, and financial records showing the reduction in revenues asserted by Defendants as their basis for terminating Plaintiff, among other things were responsive to Plaintiff's duly served requests for production. The requests were narrowly tailored. For example, one request was for the individual Defendants to disclose text message communications and other electronic communications during a 6-month period related to or mentioning Plaintiff. Defendants objected that this request was disproportionate and unduly burdensome, produced nothing, and failed to state whether communications were withheld based on the objections. This example is emblematic of Defendants evasive responses to discovery.

The discovery deficiencies are highly prejudicial to Plaintiff because the documents and information withheld form the basis for the Defendants' alleged basis for termination, which they asserted in one of their answers as follows:

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

> Plaintiff was terminated because shortly after he was hired, Government policy was implemented to mail free COVID-19 tests to every person in the country. The policy change caused an immediate and severe reduction in Apollo's revenues, and Apollo was required to undergo a substantial restructuring in response to the severe change in circumstance. As part of its efforts to restructure in light of this sudden, severe reduction in revenue, Plaintiff was terminated from his position on March 14, 2022.

This answer suggests that numerous relevant documents exist which were not disclosed. These include communications relating to layoffs, and specifically Plaintiff's termination, documents showing a drop in revenues, documents showing when the owners learned of the Government policy change, financial records, and likely much more.

Plaintiff stated his claims in a straightforward manner, as required by the Rules of Civil Procedure. Plaintiff does not have the documents that Defendants have access to by nature of the employment relationship. Plaintiff disclosed every document he has that relates to his claims. Meanwhile, Defendants have refused to produce responsive documents, all of which are relevant to Plaintiff's claims and which have been requested. Defendants were completely non-responsive to the most recent set of discovery requests served.

On June 25, 2024, Plaintiff sent a series of additional discovery requests via email and mail to each Defendant. These were the Second Set of Interrogatories, Second Set of Requests for Admissions, and Third Set of Requests for Production. Defendants failed to provide responses to these additional discovery requests. The specific requests are listed within the attached List of Discovery Requests, Answers, and Deficiencies. At this stage of the litigation, Defendants have abandoned their obligations to participate in discovery or defend this lawsuit.

**III. Good Cause Exists for Entry of Default Judgment Against Defendants.**

Pursuant to Rule 55(a), "a party against whom a judgement is sought which has failed to please **or otherwise defend**, and its failure is shown by affidavit, the clerk must

enter the party's default." Pursuant to Rule 55(b)(2), a party must apply to the court for default judgment.

Defendants filed an Answer and pled affirmative defenses early in this litigation when they were represented by counsel. However, after the Court granted Defense counsel's motion to withdraw (Doc 34) on June 5, 2024, Defendants have failed to respond to multiple attempts to contact Defendants. Even before Doc 34 was filed, Defendants had already failed to comply with disclosure requirements under FRCP 26, failed to respond to discovery requests as set forth in the attached List of Discovery Requests, Answers, and Deficiencies, and virtually stopped participating in this lawsuit entirely. Defense counsel stated in Doc 34 that counsel "has been unable to maintain a level of communication with Defendants that would allow counsel to ethically continue in this representation." Counsel further confirmed that he informed Defendants "of the possibility of default judgment unless an attorney appears on [their] behalf." No new counsel has entered his or her appearance on behalf of Defendants.

Furthermore, Defendants have failed to respond to deficiencies and failed to respond to several written discovery requests served or efforts to resolve outstanding discovery disputes. *See also*, attached Affidavit of David Nowakowski. Defendants have failed to defend this action in the last two months, and Plaintiff has no way of communicating with them. Plaintiff is entitled to default judgment.

**IV. Conclusion**

Plaintiff is unable comply with the CMO to raise discovery disputes. Defendants have not produced documents responsive to Plaintiff's discovery requests. Plaintiff reasonably believes that Defendants have responsive documents in their possession, custody, or control. The withholding of documents prejudices Plaintiff's ability to take discovery, pursue his claims, and pursue settlement. From Plaintiff's perspective, Defendants' agenda has been to stall this case indefinitely, in the hopes that Plaintiff will run out of resources. This latest act of failing to communicate with counsel via email, mail,

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

or phone, providing inaccurate contact information for certain defendants, and completely failing to respond to discovery requests demonstrates that default should be entered.

The Court should permit Plaintiff to file this Rule 37 Motion which would require Defendants to take a position, provide a response to the Court, or suffer the consequences of their inaction.

Furthermore, this Court should Enter Default Judgment Against Defendants pursuant to Rule 55 for failing to defend against Plaintiff's claim for judgment in his favor.

DATED this 5th day of August, 2024.

**Silence Law Group**

*/S/ David Nowakowksi*
David Nowakowski
*Attorneys for Plaintiff Khanh Nguyen*

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

***Certificate of Service***

I hereby certify that on the 5th day of August, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants. I also mailed and emailed a copy of this Motion to the following individuals.

Raymond Embry
Mailing address Unknown
ray.embry@gmail.com

Zachary Travis
Mailing address Unknown
travisz2010@yahoo.com

JoEllen Embry
7896 S. Dateland Dr.
Tempe, AZ 85284
joellen.embry@gmail.com

Apollo Healthcare & Diagnostics LLC
3370 N Hayden Rd, Ste 123215
Scottsdale, AZ 85251

Embry Health of Arizona LLC
3800 N Central Ave, Ste 460
Phoenix, AZ 85012

*/s/ David Nowakowski*