**Silence Law Group, PLLC**
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028
(602) 321-1538

Jeffrey A. Silence (029143)
jeff@silencelaw.com
David A. Nowakowski (035068)
david@silencelaw.com

**RICHARD J. HARRIS LAW OFFICES, P.C.**
4000 Hickory Fairway Dr.
Woodstock, GA 30188
480-708-9111

Richard J. Harris (013859)
rjharrislaw@gmail.com

Attorneys for Plaintiff

# UNTIED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Khanh Nguyen,<br><br>        Plaintiff,<br><br>v.<br><br>Apollo Healthcare & Diagnostics, LLC; Embry Health of Arizona, LLC; Raymond Embry and Zachary Travis, husband and husband, and JoEllen Embry,<br><br>        Defendants. | Case No. 2:23-cv-00422-SMB<br><br>**PLAINTIFF'S RULE 37(A) LIST OF DISCOVERY REQUESTS, ANSWERS, AND REASONS THEY ARE DEFICIENT** |

Rule 37 Statement of Discovery Requests, Objections, Answers, and Reasons they are Deficient.

1. **Interrogatory No. 2:** Describe the relationship between Embry Health of Arizona and Apollo Healthcare & Diagnostics and identify the owners, officers, and directors of each entity.

2. **Answer:** Defendant objects to Interrogatory No. 2, as vague. "Relationship" is undefined as a term in relation to the interrogatories. Without waiving this objection, Embry Health of Arizona is an LLC whose Principal member is Embry Holdings, LLC. Apollo Healthcare & Diagnostics Principal Members are Raymond S Embry and Zachery E Travis. There is no relationship between Embry Health of Arizona and Apollo Healthcare & Diagnostics.

3. **Reasons why the answer is deficient:** This answer is deficient because it does not identify the owners, officers, and directors of wither Apollo Healthcare & Diagnostics or Embry Health of Arizona, and does not explain the relationship between the two entities. Further, the claim that the entities have "no relationship" is contradicted by Defendants' disclosures. For example, document Bates No. AH000407 is an email from Zachary Travis. The signature line identifies him as President Embry Health. Yet Defendants' answer claims Mr. Travis was a Principal for Apollo only, and that Apollo has "no relationship" with Embry Health. Plaintiff understood that he was the Chief Information and Technology Officer for Embry health. This is reflected in emails Plaintiff sent during his employment. Defendants deny that Embry Health was Plaintiff's employer—they claim his employer was Apollo. It is relevant and necessary that Defendants explain the relationship between these two entities.

4. **Interrogatory No. 7:** What steps did Apollo Healthcare & Diagnostics take to ensure that it did not submit false claims to the HRSA.

5. **Answer:** Defendant objects to Interrogatory No. 7, as it is vague, ambiguous, and overly broad. The burden and expense associated with explaining "[w]hat

2

steps did Apollo Healthcare & Diagnostics take to ensure that it did not submit false claims to the HRSA" is out of proportion to the needs of the case. Responding to this question would require Apollo Healthcare and Diagnostics to describe its entire claims submission process. The burden or expense of attempting to respond to Interrogatory No. 7 outweighs any likely benefit to be derived from the response.

6. **Reasons why the answer is deficient:** Defendants did not answer the interrogatory. Defendants suggested that describing their process for submitting HRSA claims is responsive, but did not provide an explanation. Defendants have not established why describing a claims submission process is disproportionate. Plaintiff's cause of action is based on his reporting to leadership concerns that Defendants were submitting, had submitted, or would submit false claims to HRSA. The answer is proportionate to the needs of the case.

7. **Request for production no. 3:** Documents explaining the relationship between Apolo Healthcare & Diagnostics, Embry Health, and Embry Holdings, LLC.

8. **Answer:** Defendant has no documents responsive to this request. Discovery in this matter is still ongoing and Defendants reserve the right to supplement and amend their response.

9. **Reasons why the answer is deficient:** The request is relevant because while Plaintiff understood he worked for "Embry Health," and was issued an @embryhealth.com email address, Defendants claim that Apollo Healthcare & Diagnostics ("Apollo") was his employer. Further, Defendants produced documents indicating that Zachary Travis was President of Embry Health, and that Raymond Embry was its CEO. Documents Defendants produced indicate JoEllen Embry is identified in the disclosure statement as the Medical Director of Embry Women's Health. She also attended Embry Health meetings and town

3

halls, and the disclosure statement states that she participated in meetings for Apollo "in an advisory capacity." Mr. Travis and Mr. Embry have stated in Defendants' initial disclosure statement that they were President and CEO respectively of Apollo, not Embry Health. In an answer to interrogatory no. 2, Defendants claim that "Embry Health of Arizona is an LLC whose principal member is Embry Holdings, LLC." Defendants state that Raymond Embry and Zachary Travis are the principal members of Apollo, and that there is no relationship between Apollo and Embry Health. The documents Defendants produced contradict their discovery answers and demonstrate that there is a relationship between Embry Health of Arizona and Apollo. Zachary Travis and Raymond Embry both served as executives for Embry Health per Defendants' document production. Both individuals have stated in discovery they were principals of Apollo only. Hence, it follows that there is a relationship between Apollo and Embry which Defendants deny without basis. The Court should order Defendants to explain the relationship and provide supporting documentation as requested by Plaintiff in January 2024.

10. **Request for production no. 5:** Any communications relating to COVID-19 testing from January-June 2022.

11. **Answer:** Defendant objects to Request for Production No. 5 because it is overbroad and seeks information which is not relevant to this case, or is in control of third parties. As defined by Plaintiff "'[c]ommunication' means any oral, graphic, demonstrative, telephonic, verbal, electronic, written, or other conveyance of information, including documents. Communication includes any transmission made on any computer network, including the "Internet" as well as through any form of text message, Smartphone or otherwise," therefore the burden and expense associated with locating, searching for, compiling, reviewing for relevance and/or privilege, and producing "[a]ny communications

4

relating to COVID-19 testing from January-June of 2022," is out of proportion to the needs of the case. The burden or expense of attempting to respond to Request for Production No. 5 outweighs any likely benefit to be derived from the response. Finally, Apollo Health & Diagnostics/Embry Health's business was COVID-19 testing and diagnostics for several states during the requested time frame, therefore even if this request is limited to Apollo employees exclusively, this request seeks ALL communications, including medical data of patients tested for COVID-19. Without waiving these objections, see the CPVID 19 Return to Work Guidelines (AH000697-702) and the COVID 19 Mitigation Plan (AH000703-715).

12. **Reasons why the answer is deficient:** Defendants did not produce any communications. The request seeks relevant information. The communications are relevant because Defendants claim they fired Plaintiff because "Government policy was implemented to mail free COVID-19 tests to every person in the country" which caused a "severe reduction in Apollo's revenues, and Apollo was required to undergo a substantial restructuring in response…" Defendants seem to have failed to take any effort to search for responsive communications, including, for example, emails, instant messages, or text messages about this change in circumstances which allegedly led to Plaintiff's termination. This Court should order Defendants to diligently search for responsive communications and produce same.

13. **Request for Production no. 6:** Any communication not to or from Plaintiff but which discuss Plaintiff's employment, Plaintiff's complaints, and/or Plaintiff's discharge.

14. **Answer:** Defendant objects to Request for Production No. 6 because it is not limited by individuals and is therefore overbroad and seeks information that is not relevant to this case, or in control of third parties. As defined by Plaintiff

5

"'[c]ommunication' means any oral, graphic, demonstrative, telephonic, verbal, electronic, written, or other conveyance of information, including documents. Communication includes any transmission made on any computer network, including the "Internet" as well as through any form of text message, Smartphone or otherwise," therefore the burden and expense associated with locating, searching for, compiling, reviewing for relevance and/or privilege, and producing "[a]ny communications not to or from Plaintiff but which discuss Plaintiff's employment, Plaintiff's complaints, and/or Plaintiff's discharge," is out of proportion to the needs of the case. The burden or expense of attempting to respond to Request for Production No. 6 outweighs any likely benefit to be derived from the response. Finally, Defendant objects that the request seeks documents already in Plaintiff's possession custody or control. Without waiving these objections, See AH000001-693, previously disclosed in Defendants Initial Disclosure Statement. Discovery in this matter is still ongoing and Defendants reserve the right to supplement and amend their response.

15. **Reasons why the answer is deficient:** No responsive communications were produced. Defendants objected that this request was "out of proportion to the needs of the case," and that it sought irrelevant information. Defendants have no basis to argue that communications about Plaintiff's termination are irrelevant. This is a wrongful discharge claim. There are two individual defendants—neither of them have produced any emails or text messages unless they specifically copied Khanh Nguyen in an email. It is highly likely that there are responsive communications that were not produced, or which have been destroyed, which is spoliation of evidence. The response suggests that Defendants did not diligently search their email accounts, instant messaging, or mobile devices, Rather, they did search and produce emails where Khanh Nguyen's name appeared. This is evident from reviewing their disclosure docs,

which have highlighted search terms including Khanh's name. But this request specifically sought communications "not to or from Plaintiff." This Court should order Defendants to search for and produce responsive communications.

16. **Request for Production 7:** All documents showing that other employees other than Plaintiff complained about required COVID-19 testing, submitting claims to the federal government for payment for mandatory COVID-19 testing, HRSA fraud, lack of security as to personal devices, lack of encryption in cloud-based services used by Apollo Healthcare & Diagnostics, and/or retrieval of personal devices containing personal and private client health information after employees separate employment.

17. **Answer:** Defendant objects to Request for Production No. 7 because the request is out of proportion to the needs of the case and seeks irrelevant information unrelated to the scope of this matter. As defined by Plaintiff "'[d]ocument' includes, but is not limited to, emails and other types of messages (including but not limited to text, instant, and direct messages), social media or other online content, geolocation data, data generated and stored by devices connected to the Internet of Things (IoT), communications generated and stored in workplace collaboration tools or ephemeral messaging applications, and all associated data and metadata," therefore the burden and expense associated with locating, searching for, compiling, reviewing for relevance and/or privilege, and producing "all [d]ocuments showing that other employees other than Plaintiff complained about required COVID-19 testing, submitting claims to the federal government for payment for mandatory COVID-19 testing, HRSA fraud, lack of security as to personal devices, lack of encryption in cloud-based services used by Apollo Healthcare & Diagnostics, and/or retrieval of personal devices containing personal and private client health information after employees separate employment," is out of proportion to the needs of the case. The burden

7

or expense of attempting to respond to Request for Production No. 7 outweighs any likely benefit to be derived from the response. Further, this request is not limited by temporal scope.

18. **Reasons why the answer is deficient:** The requested information is relevant because Plaintiff complained about these issues to management and was subsequently terminated. Plaintiff was not the only employee to complain about these issues. Defendants claim that Plaintiff did not complain about the issues at all, and that the issues were not happening. The information sought would corroborate or refute Plaintiff's allegations and is therefore relevant. Defendants objected that the request is disproportionate to the needs of the case. Defendants did not state they withheld responsive documents, did not identify any responsive documents, and did not produce any responsive documents. It seems highly unlikely, given that Defendants have admitted elsewhere that they had to unwind the business, that no one else complained about any of the issues Plaintiff raised. Plaintiff is entitled to a full answer to this request. order Defendants to produce responsive communications.

19. **Request for production No. 8**: Financial documents, bank statements, invoices, balance sheets, and/or spreadsheets showing how the US Government policy to mail free COVID-19 tests negatively impacted Apollo Healthcare & Diagnostics' revenues (i.e. showing the revenues for selling COVID-19 tests before the policy was implemented and showing how the loss of those revenues impacted balance sheet for Apollo Health & Diagnostics.

20. **Answer**: Defendant objects to Request for Production No. 8 because the request is out of proportion to the needs of the case and seeks irrelevant information unrelated to the scope of this matter. The burden and expense associated with locating, searching for, compiling, reviewing for relevance and/or privilege, and producing "[f]inancial documents, bank statements, invoices, balance sheets,

and/or spreadsheets showing how the US Government policy to mail free COVID-19 tests negatively impacted Apollo Healthcare & Diagnostics' revenues (i.e. showing the revenues for selling COVID-19 tests before the policy was implemented and showing how the loss of those revenues impacted balance sheet for Apollo Health & Diagnostics," is out of proportion to the needs of the case. The burden or expense of attempting to respond to Request for Production No. 8 outweighs any likely benefit to be derived from the response. Further, this request is not limited by temporal scope. Finally, Defendant objects to this request as it requests documents that are not relevant to the claims and/or defenses in the case.

21. **Reasons why the answer is deficient:** This request arises from Defendants' statement that they terminated Plaintiff because of the change in government policy to mail free COVID-19 tests. Defendants claim it negatively impacted Apollo's revenues. Hence, the financial documents showing said negative impact are relevant. There is no basis to withhold this information. Defendants objected that it is disproportionate to the needs of the case. Plaintiff does not need every financial document, but a balance sheet or other financial record from before the policy was implemented (the policy was implemented in March 2022) and after, would potentially corroborate or refute Defendants explanation for terminating Plaintiff. Defendants have repeatedly raised the "disproportionate" objection without explaining why said request is so burdensome. It appears that Defendants used this objection to avoid taking any effort to respond to the requests. The Court should order Defendants to make a diligent effort to produce responsive documents.

22. **Request for Production No.** 9: Communications to, from, or involving Raymond Embry or Zachary Travis (or both) and relating to the US Government's policy to mail free COVID-19 tests.

23. **Answer:** Defendant objects to Request for Production No. 9, as it is overbroad and unduly burdensome, and not reasonably calculated to lead to evidence relevant to this proceeding. As defined by Plaintiff "'[c]ommunication' means any oral, graphic, demonstrative, telephonic, verbal, electronic, written, or other conveyance of information, including documents. Communication includes any transmission made on any computer network, including the "Internet" as well as through any form of text message, Smartphone or otherwise," therefore the burden and expense associated with locating, searching for, compiling, reviewing for relevance and/or privilege, and producing "[c]ommunications to, from, or involving Raymond Embry or Zachary Travis (or both) and relating the US Government's policy to mail free COVID-19 tests.," is out of proportion to the needs of the case. The burden or expense of attempting to respond to Request for Production No. 9 outweighs any likely benefit to be derived from the response. Finally, Defendant objects to this request as it requests documents that are not relevant to the claims and/or defenses in the case.

24. **Reasons why the answer is deficient:** This request arises from the reason Defendants gave for firing Plaintiff on March 14, 2022. The communications requested are relevant because they relate to Defendants' given reason for terminating Plaintiff. The responsive communications may help establish the timeline and rationale underlying his termination. Defendants objected that this request is out of proportion to the needs of the case. Defendants failed to explain how searching through texts and emails in a very specific time period (the weeks leading up to termination on March 14, 2022) is burdensome. The request seeks relevant information that is relatively easy to locate. The communications are discoverable, to the extent they are not protected by attorney-client privilege.

25. **Request for Production No. 10:** All financial records of Defendants Apollo Healthcare & Diagnostics, LLC and Embry Health of Arizona, LLC, including,

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

10

but not limited to, spreadsheets, balance sheets, bank statements, income statements, equity statements, cash flow statements, tax filings, and/or statements of retained earnings from January 2020 to present.

26. **Answer:** Defendant objects to Request for Production No. 10 because the request is out of proportion to the needs of the case and seeks irrelevant information unrelated to the scope of this matter. The burden and expense associated with locating, searching for, compiling, reviewing for relevance and/or privilege, and producing All financial records of Defendants Apollo Healthcare & Diagnostics, LLC and Embry Health of Arizona, LLC, including, but not limited to, spreadsheets, balance sheets, bank statements, income statements, equity statements, cash flow statements, tax filings, and/or statements of retained earnings from January 2020 to present," is out of proportion to the needs of the case. The burden or expense of attempting to respond to Request for Production No. 10 to find everything in this Request outweighs any likely benefit to be derived from the response. Further, this requests' temporal scope exceeds the timeframe of this case. Finally, Defendant objects to this request as it requests documents that are not relevant to the claims and/or defenses in the case.

27. **Reasons why the answer is deficient:** Defendants fail to state that documents were withheld based on the objections, but it is heavily implied that this is the case. The requested information is relevant because Defendants claim that Plaintiff was fired due to restructuring after a change in government policy leading to a reduction in revenues. Defendants' defense places the finances of the Defendant corporations at issue. The financial records of Defendants are relevant to corroborate the proffered reason for discharge. Defendants have not explained, for example, why producing tax returns for the years in question is unduly burdensome. Defendants provided zero responsive documents.

28. **Request for Production No. 11:** Documents and financial records relating to claims made by either Defendant for reimbursement from the federal government for COVID-19 testing from January 1, 2020, to present, including documents showing as to each claim, whether it was for reimbursement for testing provided to Defendants' employees.

29. **Answer:** Defendant objects to Request for Production No. 11 because the request is out of proportion to the needs of the case and seeks irrelevant information unrelated to the scope of this matter. The burden and expense associated with locating, searching for, compiling, reviewing for relevance and/or privilege, and producing "[d]ocuments and financial records relating to claims made by either Defendant for reimbursement from the federal government for COVID-19 testing from January 1, 2020, to present, including documents showing as to each claim, whether it was for reimbursement for testing provided to Defendants' employees," is out of proportion to the needs of the case. The burden or expense of attempting to respond to Request for Production No. 11 to find " outweighs any likely benefit to be derived from the response. Further, this requests temporal scope exceeds the timeframe of this case. Finally, Defendant objects to this request as it requests documents that are not relevant to the claims and/or defenses in the case. Without waiving these objections, Defendants do not have documents responsive to Request for Production No. 11 because Defendants did not make claims to the federal government for reimbursement for COVID-19 testing from January 1, 2020, to present.

30. **Reasons why the answer is deficient:** The documents requested are relevant because Plaintiff blew the whistle prior to his termination, notifying Defendants that he reasonably believed Defendants had engaged in, were engaging in, or were going to engage in HRSA fraud. Defendants' representation that they did

not make claims to the federal government for reimbursement is contradicted by documents Defendants produced. In AH000678, it is noted that Embry Health billed 18,075 claims to HRSA for the week of February 20-26, 2022, earning "total $ reimbursed" of $1,084,500.56. Further down the page, "monthly reimbursement payments – COVID 19 billing only…" is noted. It seems clear that Defendants were engaged in submitting claims to the government for reimbursement. Defendants' representations are confusing, contradictory, and evasive, which may entitle Plaintiff to sanctions.

31. **Request for Production 10:** All financial records of Defendants Apollo Healthcare & Diagnostics, LLC and Embry Health of Arizona, LLC, including, but not limited to, spreadsheets, balance sheets, bank statements, income statements, equity statements, cash flow statements, tax filings, and/or statements of retained earnings from January 2020 to present.

32. **Answer:** Defendants provided no response.

33. **Reason why Answer is Deficient:** No response was provided.

34. **Request for Production 11:** Records from January 2022-April 2022 relating to claims made by Embry Health or its subsidiaries to the HRSA for reimbursement.

35. **Answer:** Defendants provided no response.

36. **Reason why Answer is Deficient:** No response was provided.

37. **Request for Production 12:** For each Defendant, all personal and business tax returns for the past 5 years.

38. **Answer:** Defendants provided no response.

39. **Reason why Answer is Deficient:** No response was provided.

40. **Request for Production 13:** Produce a full copy of any insurance policy applicable to this lawsuit. Produce the RSUI Group, Inc. insurance policy referenced in the initial disclosure statement.

41. **Answer:** Defendants provided no response.
42. **Reason why Answer is Deficient:** No response was provided.
43. **Request for Production 14:** Offboarding records for employees of Embry Health and/or Apollo Healthcare & Diagnostics from February 2022 through April 2022.
44. **Answer:** Defendants provided no response.
45. **Reason why Answer is Deficient:** No response was provided.
46. **Interrogatory 9:** State your net worth.
47. **Answer:** Defendants provided no response.
48. **Reason why Answer is Deficient:** No response was provided.
49. **Interrogatory 10:** State your position title with Embry Health and describe your job duties.
50. **Answer:** Defendants provided no response.
51. **Reason why Answer is Deficient:** No response was provided.
52. **Interrogatory 11**: State your position title with Apollo Healthcare & Diagnostics, LLC and describe your job duties.
53. **Answer:** Defendants provided no response.
54. **Reason why Answer is Deficient:** No response was provided.
55. **Interrogatory 12:** Explain why Plaintiff, whom Defendants allege was an employee of Apollo Healthcare & Diagnostics and *not* Embry Health, was given an Embry Health email address, khanh@embryhealth.com.
56. **Answer:** Defendants provided no response.
57. **Reason why Answer is Deficient:** No response was provided.
58. **Interrogatory 13**: Did Apollo Healthcare & Diagnostics do business as Embry Health? If not, explain the relationship between these two entities.
59. **Answer:** Defendants provided no response.
60. **Reason why Answer is Deficient:** No response was provided.

61. **Interrogatory 14:** If Defendants' answer to Request for Admission 11 is "deny," identify and produce all documentation supporting the reason for Plaintiff's termination.

62. **Answer:** Defendants provided no response.

63. **Reason why Answer is Deficient:** No response was provided.

64. **Interrogatory 15:** To Raymond Embry, Joellen Embry, and Zachary Travis, describe how you searched your personal email, personal computer, personal mobile phone and any other personal devices in response to requests for production numbers 6 and 9.

65. **Answer:** Defendants provided no response.

66. **Reason why Answer is Deficient:** No response was provided.

67. **Request for Admission 5:** Admit you terminated Khanh Ngyuen because he blew the whistle to members of management for Embry and Apollo on violations of state and federal law.

68. **Answer:** No answer was timely provided, so the request is deemed admitted.

69. **Request for Admission 6:** Admit that Plaintiff's termination was not based on the announcement by the Health Resources & Services Administration that the Uninsured Program will stop accepting claims.

70. **Answer:** No answer was timely provided, so the request is deemed admitted.

71. **Request for Admission 7:** Admit that Raymond Embry, Joellen Embry, and Zachary Travis attended Executive Committee Meetings for Embry Health.

72. **Answer:** No answer was timely provided, so the request is deemed admitted.

73. **Request for Admission 8:** Admit that one or more Defendants was aware that at the time of Plaintiff's termination, email encryption software was needed to process medical record requests.

74. **Answer:** No answer was timely provided, so the request is deemed admitted.

75. **Request for Admission 9:** Admit that one or more Defendants was aware that at the time of Plaintiff's termination, Plaintiff informed Defendants that IT personnel were needed as soon as possible to address gaps in IT data security.

76. **Answer:** No answer was timely provided, so the request is deemed admitted.

77. **Request for Admission 10:** Admit that in a meeting on March 1, 2022 attended by Plaintiff, Raymond Embry, Zachary Travis, and Joellen Embry (among others), Plaintiff reported gaps with IT security issues and implementation. *See* AH000667.

78. **Answer:** No answer was timely provided, so the request is deemed admitted.

79. **Request for Admission 11:** Admit that Defendants do not have in their possession, custody, or control, documentation to support their reason for termination.

80. **Answer:** No answer was timely provided, so the request is deemed admitted.

81. **Request for Admission 12:** Admit that on March 11, 2022, Plaintiff sent an email to the Senior Leadership Team cc Joseph Markunas listing several employees who had access to the Enterprise Resource Planning (ERP) for Embry Health, including one or more employees who should not have access to the ERP. *See* AH000367.

82. **Answer:** No answer was timely provided, so the request is deemed admitted.

83. **Request for Admission 13:** Admit that on March 11, 2022, Plaintiff sent an email to the Senior Leadership Team cc Joseph Markunas noting that the proper IT security policies "have never been enforced to date" and that "the offboarding process is lacking and there are not enough controls to ensure data leakage that can damage the company integrity." *Id.*

84. **Answer:** No answer was timely provided, so the request is deemed admitted.

85. **Request for Admission 14:** Admit that Plaintiff informed one or more Defendants that employees could access protected patient information although their job duties did not require them to have access to said information.
86. **Answer:** No answer was timely provided, so the request is deemed admitted.
87. **Request for Admission 15:** Admit that the day before his termination, Plaintiff emailed Raymond Embry and Zachary Travis regarding crucial roles that "need to be filled ASAP." *See* AH000390.
88. **Answer:** No answer was timely provided, so the request is deemed admitted.
89. **Request for Admission 16:** Admit Defendants were aware that employees of Defendants were issued company devices containing protected patient information.
90. **Answer:** No answer was timely provided, so the request is deemed admitted.
91. **Request for Admission 17:** Admit that Defendants were aware that protected patient information contained on devices issued to employees may have been lost or stolen.
92. **Answer:** No answer was timely provided, so the request is deemed admitted.
93. **Request for Admission 18:** Admit that one or more Defendants had a company-wide mandate for employees to submit to COVID-19 testing in 2022.
94. **Answer:** No answer was timely provided, so the request is deemed admitted.
95. **Request for Admission 19:** Admit that in 2022 Apollo Healthcare & Diagnostics mandated employees to submit to COVID-19 testing three or more times per week.
96. **Answer:** No answer was timely provided, so the request is deemed admitted.
97. **Request for Admission 20:** Admit that the mandated COVID-19 testing for Defendants' employees was administered by one or more Defendants.
98. **Answer:** No answer was timely provided, so the request is deemed admitted.

DATED this 5th day of August, 2024.

**Silence Law Group**

*/S/ David Nowakowksi*
David Nowakowski
*Attorneys for Plaintiff Khanh Nguyen*

*Certificate of Service*

I hereby certify that on the 5th day of August, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants. I also mailed and emailed a copy of this Motion to the following individuals.

Raymond Embry
Mailing address Unknown
ray.embry@gmail.com

Zachary Travis
Mailing address Unknown
travisz2010@yahoo.com

JoEllen Embry
7896 S. Dateland Dr.
Tempe, AZ 85284
joellen.embry@gmail.com

Apollo Healthcare & Diagnostics LLC
3370 N Hayden Rd, Ste 123215
Scottsdale, AZ 85251

Embry Health of Arizona LLC
3800 N Central Ave, Ste 460
Phoenix, AZ 85012

*/s/ David Nowakowski*