**Silence Law Group, PLLC**
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028
(602) 321-1538

Jeffrey A. Silence (029143)
jeff@silencelaw.com
David A. Nowakowski (035068)
david@silencelaw.com

**RICHARD J. HARRIS LAW OFFICES, P.C.**
4000 Hickory Fairway Dr.
Woodstock, GA 30188
480-708-9111

Richard J. Harris (013859)
rjharrislaw@gmail.com

Attorneys for Plaintiff

# UNTIED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Khanh Nguyen,<br><br>    Plaintiff,<br><br>v.<br><br>Apollo Healthcare & Diagnostics, LLC;<br>Embry Health of Arizona, LLC; Raymond<br>Embry and Zachary Travis, husband and<br>husband, and JoEllen Embry,<br><br>    Defendants. | Case No. 2:23-cv-00422-SMB<br><br>**MOTION FOR ENTRY OF DEFAULT JUDGMENT AND REQUEST FOR HEARING TO DETERMINE DAMAGES** |

Khanh Nguyen ("Plaintiff") was an employee of Apollo Healthcare & Diagnostics, LLC ("Apollo") and Embry Health of Arizona, LLC ("Embry"), working directly for

Raymond Embry, Zachary Travis, and JoEllen Embry (all collectively "Defendants"). While employed, Plaintiff saw actions that he believed violated both state and federal law and informed his employers of his concerns. Plaintiff did what we expect every employee to do in this situation. And in retaliation, Defendants fired him. Now after months of litigation, Defendants have abandoned their defense.

Plaintiff respectfully requests this Court grant this Motion for Entry of Default Judgment and issue an order for a hearing to determine damages pursuant to Fed. R. Civ. P. 55(b)(2)(B).

## I.  Facts

Plaintiff started working for Embry and Apollo, as the Chief Information Officer, starting on February 7, 2022. [Doc. 17 at ¶ 14]. As part of his employment, Apollo and Embry paid Plaintiff an annual salary of $350,000 and an annual bonus of $105,000, for a total compensation package of $455,000.00. [*Id.* at ¶ 16]. Embry and Apollo were primarily a healthcare company focused on providing vaccines and tests for COVID-19. [*Id.* at ¶¶ 12-13].

Shorly after starting his employment, Plaintiff met with Defendants and informed them that he believed Defendants were engaging in activity that may be illegal. [*Id.* at ¶ 40]. Specifically, Plaintiff informed Defendants that he believed Apollo and Embry were submitting fraudulent tests to the federal government for reimbursement and were mishandling protected patient data, amongst violations of other state and federal laws. [*Id.* at ¶¶ 41, 49, 50, 51, 52, 53, 54, 55]. In response, Defendants acknowledged some of the issues were valid and were being investigated for correction. [*Id.* at ¶¶ 42-43]. That statement was untrue, Defendants were not working to correct any issues. [*Id.* at ¶ 45]. Plaintiff continued to raise these issues with Defendants over the next several weeks. [*Id.* at ¶¶ 47, 57, 59]. At one point, Plaintiff recommended hiring an independent auditor to evaluate the number of false reports made to the federal government. [*Id.* at ¶ 48]. Embry refused. [*Id.*]. After one conversation, Mr. Embry lost his temper with Plaintiff. [*Id.* at ¶

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

60]. Ten minutes after this meeting, wherein Plaintiff again raised his concerns about potential violations of law, Defendants terminated Plaintiff's employment. [*Id.* at ¶ 61].

Prior to litigation, Plaintiff discovered that Defendants were failing to respect Embry and Apollo's corporate forms. Mr. Embry, Mr. Travis, and Ms. Embry had formed Embry and Apollo, but created a fictitious entity as a stand-in for both entities member and manager. [*Id.* at ¶¶ 21-23, 31-33]. Defendants also repeatedly comingled corporate funds. [*Id.* at ¶¶ 25, 34-36]. Each entity shares the same officers and directors, which are Mr. Embry and Mr. Travis. [*Id.* at ¶¶ 26, 36].

## II.     The Entry of Default Is Proper Pursuant to Fed. R. Civ. P. 55.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Once default has been entered against a party, the Court has discretion to enter a default judgment against the defaulted party. *Best Western Int'l v. Universal Hospitality, Inc.*, No. CV–08–91–PHX–DGC, 2008 WL 2003784, at *1 (D. Ariz. May 8, 2008). In exercising discretion whether to grant or deny a motion for default judgment, the Court may consider the following factors: (1) the possibility of prejudice to plaintiff if a default judgment is not entered; (2) the merits of plaintiff's claim(s); (3) the sufficiency of plaintiff's complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, all the foregoing factors weigh in favor of the Court granting this Motion and entering a default judgment against Defendants.

### 1.   Plaintiff Will be Prejudiced if Default Judgment Not Entered.

This *Eitel* factor weighs in favor of Plaintiff if he "will be prejudiced if default judgment is not entered." *Best Western Int'l*, 2008 WL 2003784, at *1. Plaintiff has attempted for over a year to litigate this case. Unfortunately, Defendants have rendered

any attempts to litigate the case impossible due to their refusal to actively participate in the process. [*See* Doc. 45]. As a result, the Court ordered the court clerk to enter default as a sanction. [*See id.*]. Defendants' unwillingness to participate in this litigation renders it impossible to proceed with this litigation absent entering default judgment. The failure to enter default judgment eliminates any recourse for Plaintiff to receive relief for his legal claims. Thus, this factor weighs in favor of granting the Motion for Default Judgment.

### 2. The Merits of the Claims and Sufficiently of the Complaint Support Entry of Default Judgment.

"The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under the liberal pleading standards of Rule 8." *Best Western Int'l*, 2008 WL 2003784, at *2. As support for his claims, Plaintiff filed a 93 paragraph Complaint alleging two claims: (1) Retaliation in violation of 31 U.S.C. §§ 3729, *et seq.* and (2) unlawful termination in violation of A.R.S. § 23-1501. In the Complaint, Plaintiff shows that Defendants were operating a complex scheme to submit false claims for reimbursement of COVID-19 tests and vaccines from the federal government and receive kickbacks based on those claims. [Doc. 17, at ¶¶ 41, 49, 50, 51, 52, 53, 54, 55]. Plaintiff also outlined Defendants attempts to disregard the various businesses' corporate forms through the comingling and misappropriation of funds for personal use. [*Id.* at ¶¶ 21-23, 25, 31-36]. Plaintiff raised these concerns with Defendants and was terminated in retaliation for "blowing the whistle." [*Id.* at ¶¶ 47, 57, 59]. The FAC sufficiently alleges facts that support these two claims. Thus, the second and third factor support the entry of default judgment.

### 3. The Sum of Money at Issue in the Litigation.

Under this factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d. 1172, 1176 (C.D. Cal. 2002). The FAC alleges that Defendants were engaging in a systematic attempt to defraud the federal government out of funds related to the testing and vaccination for the COVID-19 pandemic, participate in a kickback scheme, and

violate patient privacy. [Doc. 17, at ¶¶ 41, 49, 50, 51, 52, 53, 54, 55]. After raising these issues, Plaintiff's employment was terminated. [*Id.* at ¶¶ 47, 57, 59]. Plaintiff requests $910,000.00 as damages for compensatory damages, which represents two times back-pay, interest on back-pay, compensation for special damages. [*Id.* at ¶ 81]. Plaintiff also requests, front pay, punitive damages, attorney fees, and costs. [*Id.* at ¶¶ 93]. Since these damages are not easily calculable, Plaintiff request this Court "determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). Under this scenario, the Court has wide discretion to evaluate and award damages. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1265 (11th Cir. 2003). Thus, this factor weighs in favor of granting the Motion for Entry of Default Judgment.

### 4. There is No Dispute Regarding Material Facts.

Given the entry of default against Defendant, all well-pleaded facts in the Plaintiff's complaint are taken as true. *TeleVideo Systems*, 826 F.2d at 917-8. Given the foregoing, and the fact that Plaintiff's FAC sufficiently alleged all facts necessary to support the claims alleged therein, there is no legitimate possibility of a dispute regarding material facts.

### 5. Defendant's Default Was Not the Result of Excusable Neglect.

Courts have held that "[t]his factor favors default judgment when the defendant has been properly served or the Plaintiff demonstrates that the defendant is aware of the lawsuit." *Coach Servs., Inc. v. YNM, Inc.*, No. 2:10–CV–02326–JST (PLAx), 2011 WL 1752091, at *4 (C.D. Cal. May 6, 2011). Here, there is no dispute that Defendants were properly served. Defendants filed an answer, then abandoned their defense. Both the Plaintiff's counsel and this Court attempted to reach Defendants but were unsuccessful.

On August 28, 2024, the Court provided Defendants the opportunity to file a statement "indicating whether they wish[ed] to defend the claims" no later than September 13, 2024. [Doc. 45]. Defendants never responded. At this stage, the only conclusion to draw is that Defendants have actively decided to abandon this litigation. Thus, this factor weighs in favor of granting the Motion for Entry of Default Judgment.

### 6. A Decision on the Merits is Not Possible.

While the policy underlying the Federal Rules of Civil Procedure favors decisions on the merits, "this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d. at 1177 (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 THE, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996)). Defendants' decision to abandon their defense, and this litigation, renders any decision on the merits impossible. *Id.* Thus, this favor weighs in favor of granting the Motion for Entry of Default Judgment.

### III. Conclusion

For the reasons set forth above, Plaintiff respectfully requests that this Court enter a default judgment herein against Defendants Apollo, Embry, Mr. Embry, Mr. Taylor, and Ms. Embry, jointly and severally. Plaintiff further requests this Court transfer the case to a magistrate judge to hold a hearing to decide damages pursuant to Fed. R. Civ. P. 55(b)(2)(B) and grant the Plaintiff leave to file an application for attorney's fees following the conclusion of that hearing.

DATED this this 3rd day of October 2024.

**Silence Law Group**

*/S/ Jeffrey Silence*
Jeffrey Silence
*Attorney for Plaintiff Khanh Nguyen*

### *Certificate of Service*

I hereby certify that on this 3rd day of October, 2024, I filed this Motion through the Court's electronic filing system and emailed and mailed this document to the following:

Raymond Embry

Mailing address unknown
ray.embry@gmail.com

Zachary Travis
Mailing address unknown
travisz2010@yahoo.com

JoEllen Embry
7896 S. Dateland Dr.
Tempe, AZ 85284
joellen.embry@gmail.com

Apollo Healthcare & Diagnostics LLC
3370 N Hayden Rd, Ste 123215
Scottsdale, AZ 85251

Embry Health of Arizona LLC
3800 N Central Ave, Ste 460
Phoenix, AZ 85012


*/s/ Jeffrey Silence*

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028