**Silence Law Group, PLLC**
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028
(602) 321-1538

Jeffrey A. Silence (029143)
jeff@silencelaw.com
David A. Nowakowski (035068)
david@silencelaw.com

**RICHARD J. HARRIS LAW OFFICES, P.C.**
4000 Hickory Fairway Dr.
Woodstock, GA 30188
480-708-9111

Richard J. Harris (013859)
rjharrislaw@gmail.com

Attorneys for Plaintiff

# UNTIED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Khanh Nguyen, | Case No. 2:23-cv-00422-SMB |
| Plaintiff, | **DECLARATION OF KHANH NGUYEN** |
| v. | |
| Apollo Healthcare & Diagnostics, LLC; Embry Health of Arizona, LLC; Raymond Embry and Zachary Travis, husband and husband, and JoEllen Embry, | |
| Defendants. | |

I, Khanh Nguyen, state as follows:

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

1. I am over the age of 18 and competent to make the statements in this declaration.

2. I am a resident of Clark County in the State of Nevada.

3. This declaration is made based on my own personal knowledge and in support of Plaintiff Khanh Nguyen's Renewed and Amended Motion for Entry of Default Judgment against Defendants.

4. I have reviewed all of the facts in the Renewed and Amended Motion for Entry of Default Judgment and the First Amended Complaint. Each fact is truthful and accurate.

5. Defendants Embry Health of Arizona, LLC, Apollo Healthcare & Diagnostics, LLC, Raymond Embry and Zachary Travis, and JoEllen Embry hired me as their Chief Information Officer on or about February 7, 2023.

6. My annual base salary upon hire was $350,000 plus an annual bonus of $105,000.

7. My total annual compensation from Defendants was $455,000.

8. I was wrongfully terminated on or about March 14, 2022.

9. After my termination, I diligently searched for a comparable position in my area of expertise, which is information technology.

10. I disclosed over a thousand pages of emails showing my job search from March 2022 through March of 2024. I will submit this to the Court to show mitigation of damages if necessary.

11. I continued after the date of that disclosure to search for a comparable position to replace the position I lost.

12. Because Defendants have not participated in this case since March 2024, I have not disclosed these additional mitigation documents. But if the Court would like to review these documents, I am happy to provide them.

13. Defendants' reputations declined in the past few years within the healthcare industry, and they are considered to be untrustworthy. I learned from fellow professionals

in my network that listing my employment for Defendants in my resume has made me less attractive to potential employers due to my previous association with Defendants.

14. To date, I have not found a comparable position.

15. I had one other employer before I started working for Defendants. I started working part-time on a contract for the employer in 2021. I disclosed to Defendants a W-2 from 2021 showing my earnings. I continued to work for this employer when I became an employee of Defendants. This was never meant to be my primary income source.

16. Because Defendants knew I was working for this employer during my employment and I continue to work the same number of part-time hours as I did while employed by Defendants, I do not believe the wages I have earned from this employer should be an offset against my claim for lost wages.

17. I brought claims for False Claims Act retaliation and wrongful discharge under A.R.S. § 12-1501.

18. On September 20, 2024, the clerk of this Court entered default against the Defendants.

19. Defendants have not appeared or responded to any filings since their attorneys moved to withdraw as counsel in May 2024.

20. The False Claims Act (FCA), 31 U.S.C. §§ 3729 - 3733 mandates liquidated double damages for backpay. Relief under section 3730(h) of the False Claims Act may include reinstatement with seniority, double back pay plus interest, and any special damages sustained due to the discrimination including reasonable litigation costs and attorneys fees.

21. 30 months passed from my termination date to the clerk's entry of default.

22. My monthly salary ($455,000/12) was approximately $37,916.67.

23. 30 months of back pay is $1,137,500.10 ($37,916.67*30).

24. Liquidated damages plus back pay yields $2,275,000.20 ($1,137,500.10*2).

25. I can also recover backpay under A.R.S. § 12-1501, but it would be duplicative of the back pay under the FCA.

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

26. Under both claims, I can recover damages for emotional distress.

27. Losing my job at Embry Health of Arizona, LLC and/or Apollo Healthcare & Diagnostics, LLC was a devastating experience. I had raised concerns about what I believed were unlawful practices, including submitting false claims for COVID testing reimbursements and inadequate safeguards for confidential patient information. I was fired shortly after I brought these issues to the CEO, Raymond Embry, the finance team, the HR Director, and the Chief of Staff. The shock of that moment was very upsetting. Being unable to find another job has also been upsetting.

28. I have been caring for my father, who is battling two forms of cancer: melanoma and kidney cancer—and several other serious conditions like degenerative spinal disease, a chronic gastrointestinal condition, and chronic late-stage kidney disease. All of this has rendered him immobile and unable to take care of himself. He requires on-going dialysis to survive. He has lost 50 pounds in 3 months. He was recently diagnosed with two tumors on his heart and lungs. My father's condition requires my constant attention and much of my time.

29. Additionally, my sister has terminal cancer: dedifferentiated liposarcoma. Her condition requires my time to manage treatment and schedule appointments with specialists across the country at research hospitals including UCLA Medical Center and Cedar Sinai in Los Angeles, Mt. Sinai Hospital in New York, and Mayo Clinic in Rochester, MN.

30. The financial toll of these events without the necessary income to offset the costs have been enormous – emotionally, mentally, and physically taxing. Being a caregiver is emotionally demanding. Losing my job only made things harder. I've struggled with feelings of helplessness, anger, and isolation. The combination of financial strain and the emotional strain of trying to do the right thing, only to be punished for it, has left me feeling overwhelmed and distressed.

31. I continue to suffer from insomnia, fatigue, difficulty concentrating, anxiety, depression, and loss of appetite.

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028

32. Additionally, I depleted my life savings and retirement accounts to support myself and my family over the past two years, and to fund this lawsuit, as well as to pay for medical expenses for my father and sister. This financial strain has as compounded my emotional distress. At my age in my 50s, it will be very difficult to replenish the retirement savings I lost over the past two years. My job search has shown that it will be very difficult to find a comparable position to what I lost at my age. This further contributes to my anxiety and stress.

33. For emotional distress, I believe it is appropriate to assign a dollar value to each day since the tortious act.

34. 921 days passed between my termination and the clerk's entry of default. At a rate of $500 per day in emotional distress, the total value for emotional distress is $460,500 (921*$500).

35. Defendants terminated me for engaging in protected activity including opposing unlawful violations of the Fair Claims Act and Arizona law. Defendants' acts were egregious and intentional.

36. Defendants' willfulness is shown not only by the termination, which was in direct response to my whistleblower activities, but by Defendants' withdrawal from this action during the discovery process.

37. Because Defendants became unresponsive during the discovery process, my team did not obtain access to the financial information relating to the Defendant companies, Embry Health of Arizona LLC and Apollo Healthcare & Diagnostics, LLC, or the individual Defendants.

38. A punitive damages award of 5:1 to other compensatory damages (excluding liquidated damages) is justified to deter Defendants and others from engaging in the same or similar conduct.

39. Defendants fired me for objecting to their fraudulent claims to the U.S. Government, Defendants willfully compromised protected health information and confidential information of the residents of Phoenix who were their customers (several

hundred thousand patients affected), ruined the lives of their employees, then disappeared in a cloud of smoke, willfully refusing to participate in good faith in this lawsuit and thereby refusing to comply with the Arizona Rules of Civil Procedure.

40. The total compensatory damages are $1,598,000.10. This includes 30 months of back pay ($1,137,500.10) and $460,500 for emotional distress.

41. My understanding is that a plaintiff can recover punitive damages based on a 1x to 9x multiplier of the total compensatory damages. I believe a 5x multiple is justified given the Defendants' intentional and fraudulent conduct.

42. A 5x multiplier would result in a punitive damages award of $7,990,000.50 (compensatory damages*5).

43. I am entitled to recovery of reasonable attorney fees for the False Claims Act retaliation claim.

44. I have been paying my attorney on an hourly basis. I have incurred a total of approximately $95,000 in fees. I request that I be permitted to file a fee application under Local Rule 54.2 to demonstrate the reasonableness of these fees.

45. Damages Totals:
   a. 30 months backpay: $1,137,500.10 ($37,916.67*30);
   b. Liquidated damages per 1 U.S.C. §§ 3730(h): $1,137,500.10;
   c. Emotional Distress $500 per day for 921 days: $460,500;
   d. Punitive Damages: $7,990,000.50 (backpay + emotional distress)*5;
   e. Attorney fees: $95,000.
   f. Total: $10,820,500.70 (punitive + (backpay*2) + emotional distress + attorney fees).

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 6th day of December, 2024.

                                       */s/ Khanh Nguyen*

Silence Law Group
3241 E. Shea Blvd Ste 1 # 434
Phoenix, AZ 85028